SUMMARY ORDER

Defendants Osman Ozsusamlar (“Osman”) and his father Mustafa Ozsusamlar (“Mustafa”) were convicted of conspiracy to commit murder for hire, murder for hire, and conspiracy to commit extortion. On appeal, Osman argues, inter alia, that: (1) there was insufficient evidence to convict him for conspiracy to commit extortion, and (2) prosecutorial misconduct in the State’s rebuttal summation deprived him of a fair trial. On appeal, Mustafa argues that: (1) the court violated his rights under the Confrontation Clause by finding that the government made a good faith effort to locate missing witnesses and then allowing into evidence prior testimony of those witnesses, and (2) he was denied effective assistance of counsel when his lawyer failed to object to the government’s assertion that the witnesses were unavailable.
We review each of these four claims seriatim. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
[1] Osman first argues that there was insufficient evidence to convict him for conspiracy to commit extortion because there was no evidence that he knew that his father contemplated a kidnapping as a means of inducing the Batkas to repay money allegedly owed to him.
This challenge assumes that the government’s extortion theory was based entirely on the defendants’ plot to kidnap the Bat-kas’s two children. But Osman was not charged with conspiracy to commit kidnapping, and the government’s argument was not limited to extortion by kidnapping. Rather, the government’s theory was that the defendants conspired to use threatened or actual force to induce the Batkas to repay their debt. The government presented more than sufficient evidence to support a conviction on this theory.
[2] Osman’s second argument is that the prosecutor engaged in misconduct during rebuttal summation by attacking the integrity of the defense attorneys and by distorting what defense attorneys argued and the evidence on which they relied.
Prosecutors are afforded “‘broad latitude in the inferences [they] may reasonably suggest to the jury during summation.’ ” United States v. Zackson, 12 F.3d 1178, 1183 (2d Cir.1993) (quoting United States v. Casamento, 887 F.2d 1141, 1189 (2d Cir.1989)). Under the “invited response” doctrine, “defense argument may, in a proper case, ‘open the door’ to otherwise inadmissible prosecution rebuttal.” United States v. Rivera, 971 F.2d 876, 883 (2d Cir.1992); see also United States v. Robinson, 485 U.S. 25, 33-34, 108 S.Ct. 864, 99 L.Ed.2d 23 (1988). This is because prosecutors must be allowed to offer “legitimate responses” to defense arguments raised during summation. See Rivera, 971 F.2d at 883; see also United States v. Thai, 29 F.3d 785, 807 (2d Cir.1994); United States v. Praetorius, 622 F.2d 1054, 1060-61 (2d Cir.1979).
“[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor’s comments standing alone, for the *612 statements or conduct must be viewed in context.” United States v. Young, 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). We will vacate a conviction on grounds of prosecutorial misconduct only if “the statements, viewed against the ‘entire argument before the jury,’ deprived the defendant of a fair trial.” United States v. Wilkinson, 754 F.2d 1427, 1435 (2d Cir.1985) (quoting United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 242, 60 S.Ct. 811, 84 L.Ed. 1129 (1940)). In keeping with this rule, vacatur is required only where the prosecutor’s conduct “amounted to prejudicial error.” Young, 470 U.S. at 12, 105 S.Ct. 1038. But “where prosecutors have responded reasonably in closing argument to defense counsel’s attacks,” it is “unlikely that the jury was led astray,” and vacatur is not generally required. Id.
The prosecutor’s comments in rebuttal summation were aimed at rebutting defense arguments. The defense had argued, for example, that the government did not care about the truth of its witnesses’ testimony and wanted its principal prosecution witness to “say whatever it takes to convict these two defendants.” Against that backdrop, the prosecutor’s comments in rebuttal summation do not constitute misconduct. We have previously upheld prosecution comments remarkably similar to those at issue on this appeal. See, e.g., United States v. Caputo, 808 F.2d 963, 968-69 (2d Cir.1987); United States v. Marrale, 695 F.2d 658, 666-67 & n. 9 (2d Cir.1982); United States v. Perry, 643 F.2d 38, 51 (2d Cir.1981).
[3] Mustafa challenges the district court’s finding that the government made a good faith effort to locate two missing witnesses, and the subsequent admission into evidence of those two witnesses’ prior testimony.
The Confrontation Clause affords a criminal defendant the right “to be confronted with the witnesses against him.” U.S. Const. amend. VI. It permits the introduction of prior testimony against a criminal defendant if the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. See Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
“For purposes of the confrontation clause, a declarant is unavailable when the declarant is absent ‘despite good-faith efforts undertaken prior to trial to locate and present that witness.’ ” United States v. Casamento, 887 F.2d 1141, 1169 (2d Cir.1989) (quoting Ohio v. Roberts, 448 U.S. 56, 74, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)). Whether government efforts constitute “good-faith” is “a question of reasonableness.” Id.; see also Roberts, 448 U.S. at 74, 100 S.Ct. 2531.
Here, the government’s efforts were reasonable and in good faith. It looked for the witnesses in the United States, but learned that they were likely in Turkey. It contacted the FBI’s legal attaché in Turkey seeking its assistance. And the attaché in turn obtained the assistance of Turkish law enforcement officials.
Mustafa next argues that his counsel was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because he failed to object to the government’s unavailability argument. However, trial counsel is not constitutionally ineffective when it fails to object to the introduction of admissible evidence. United States v. Diaz, 176 F.3d 52, 113 (2d Cir.1999); United States v. Brooks, 82 F.3d 50, 53-54 (2d Cir.1996); United States v. Boothe, 994 F.2d 63, 68-69 (2d Cir.1993).
Finding no merit in either defendant’s remaining arguments, we hereby AFFIRM the judgment of the district court.